## St. L., I. M. & S. R'y v. Branch.

1. RAILROADS: *Ejecting a passenger for refusing to pay fare.*
    Under *Section 5474 of Mansfield's Digest* a railroad conductor cannot eject a passenger for refusing to pay his fare, except at a usual stopping-place, even though that would take him to his destination.

2. SAME: *Same: Damages.*
    A passenger can recover only nominal damages for being ejected from a railroad train at a place other than a usual stopping-place for refusal to pay his fare, unless actual personal or pecuniary damages have ensued.

3. DAMAGES: *Excessive: Must be excepted to.*
    A party cannot object in the supreme court to *excess* of damages in the trial court unless the objection be made there and assigned as error in the motion for a new trial.

APPEAL from *Pulaski* Circuit Court.
Hon. F. T. VAUGHAN, Circuit Judge.

*Dodge & Johnson* for Appellant.

1. Plaintiff was in no sense a passenger, and not entitled to the protection of *Sec. 5474, Mansf. Dig.*

2. If plaintiff was a passenger, there being no usual stopping-place between the place where he got on and his destination, he was not entitled to the protection of the statute.

3.  While the statute is a public act, it did not take away from defendant its common law right to eject recalcitrants at any point it chose; and if it did, plaintiff being a mere trespasser could not claim the protection of the statute.

4.  The damages should only have been *nominal*, the jury having found that the company was guilty of no negligence or harshness, nor used any undue force or unlawful treatment. His expulsion was justifiable, except that he was not put off at a usual stopping-place. *21 Ill., 188; 1 Rorer R. R., 765; 40 Ill., 523.*

A failure to comply with the statute in regard to ejecting passengers at a usual stopping-place does not render it liable unless such failure has caused or contributed to some injury. *14 Fed. Rep., 332; 22 N. W. Rep., 147; 1 N. E. Rep., 108; 22 N. E. Rep., 138.*

*Clark & Williams* and *T. J. Oliphint* for Appellee.

Branch was a passenger and not a trespasser. *Thomp. on Car., p. 51, Sec. 9.* But even a trespasser must be put off at a *usual stopping-place*, and is entitled to be protected against injury. *Moak's Underhill on Torts, ch. 5, p. 229, 1 Am. ed.* The company were bound to take all passengers who offered. *Hutchison on Car., Sec. 533.* The payment of fare is not a pre-requisite. *Thompson on Car., p. 43.* A passenger may be required to purchase a ticket before entering. *Hutchison on Car., Sec. 570.* If the passenger refuses to pay, he may be ejected at a usual stopping-place, but it must be done with care, and the company is liable for the consequences, and where a statute requires a passenger to be put off at a station it must be there. *Sh. & R. on Neg., Sec. 264, a.* He cannot be ejected if willing to pay fare. *Hutchison on Car., Sec. 570.* He may be required to show a ticket before boarding the train. *20 Cent. L. J., 182.* After a passenger has refused to pay fare,

and the bell-cord has been touched, if he offers to pay and is ejected he can recover. *T. & P. R'y v. Bond, 4 Tex. L. Rev., 339; 20 Cent. L. J., 74; Thomp. on Car., 340.* The refusal must be with intent to defraud, and wilful and persistent. *18 Ill., 460; Thompson on Car., 319.*

COCKRILL, C. J. The appellee was forcibly ejected from the appellant's passenger train, in a desolate place, between the stations of Baring Cross and McAlmont, and sued the company therefor.

The jury, under instructions from the court, made the following special finding of facts:

1. The plaintiff did not pay or offer to pay his fare before the train was stopped for the purpose of putting him off.

2. The conductor did not put the plaintiff off at a usual stopping-place.

3. The conductor did not use any more force than was necessary to expel the plaintiff and keep him off the train.

4. The conductor's language was not rude or offensive.

And upon the general verdict the jury awarded plaintiff the sum of $100 damages.

The defendant moved the court to set aside the general verdict, and to give judgment for defendant on the special findings. This was refused, the ruling of the court was excepted to, and assigned as error in the motion for a new trial.

The important question in this case, and that doubtless for the decision of which it was brought here, is the construction of the following provision of the Act of July 23, 1868, *Sec. 5474, Mansf. Digest:* "If any passenger refuses to pay his fare or toll, it shall be lawful for the conductor of the train and the servants of the corporation to put him out of the cars at any usual stopping-place the conductor may select."

St. L., I. M. & S. R'y v. Branch.

The court instructed the jury that the conductor could lawfully eject a traveler, refusing to pay his fare, only at a usual stopping-place, even though there was no such place between the station where the party embarked and his destination.

The only exceptions saved at the trial, or errors assigned in the motion for a new trial, were to this charge and the refusal of the court to enter judgment for the company on the special finding of facts *non obstante veredicto*.

The evidence was conflicting upon the question whether the appellee paid his fare upon entering the train, but the jury settled it against him, and, if the statute has not restricted it, the company's right to set him down upon the roadside without reference to stations or stopping-places, a due regard for his life and person being observed, goes without question.

In the case of the *Toledo, Wabash & Western R'y v. Wright*, the supreme court of Indiana ruled that a statute much like ours was persuasive only, and did not prohibit the railroad company from doing at any other point what it authorized them to do at a usual stopping-place. *68 Ind., 586.*

We are not disposed to concur in this construction of our statute. Where an act undertakes to regulate the subject of which it treats, and points out the manner and place in which the act regulated may be done, there is an implied inhibition against doing it otherwise or elsewhere. In such cases the maxim, *expressio unius est exclusio alterius*, becomes a canon of construction. *Watkins v. Wassell, 20 Ark., 410.*

No legislation was needed to give the railroad companies authority to expel a non-paying traveler at a station. They enjoyed a broader right, without legislation, and if the act was not intended to abridge the previous right it was unnecessary and is unmeaning.

Our statute is a literal copy of the Illinois provision on the same subject, and in that state the prohibitory feature of the

act is sustained in a series of decisions. *Chicago, B. & Q. R'y Co. v. Parks, 18. Ill., 460; S. C. Thomp. Car., p. 319; Terre Haute, A. & St. L. R. Co. v. Vanatta, 21 Ill., 188; Chicago & A. R'y v. Flagg, 43 Ib., 364; Toledo, P. & W. R'y v. Patterson, 63 Ib., 304; Chicago & N. W. R. R. v. Chisholm, 79 Ib., 584.* The same effect is given to a like provision in *Tex. & Pac. R. R. v. Carey, 52 Texas R., 112.*

This construction is complained of in the argument as a hardship, and it is said the practical result will be that all railroad companies will be compelled to carry any passenger gratis to the next stopping-place. This seems to have been a controlling idea in the Indiana decision, but this argument goes to the policy of the law and not its construction. As is said by the Illinois court in the *Parks case, sup.,* in answer to the same argument: " Under the present system of allowing all persons to take their seats in the cars without tickets, and without paying their fare, this may be so, and such an effect is certainly to be regretted; but it is not impossible to obviate the difficulty by requiring pre-payment. . . . But, be this as it may, we cannot doubt the power of the legislature to pass the law, if they deemed the public safety required it. . . . After the company has allowed the passenger to take his seat in the car and started with him without demanding the toll, and without objection, the act provides that he shall not be thrust out, except at a regular stopping-place. This was, no doubt, deemed essential by the legislature, to the safety of the traveling public. . . . By putting the plaintiff off the train at a place not allowed by law, a technical wrong was done him, for which, he undoubtedly had a right to bring this action and to recover such damages as he sustained for the wrong done him."

2. SAME:— Damages.

It is maintained, however, that the plaintiff can recover nominal damages only. It was certainly the company's right to eject him at the next station, after his refusal to pay; or, if

St. L., I. M. & S. R'y v. Branch.

they had seen fit, to back their train to the station in the rear, and there put him off, and thereby lawfully subject him to all the humiliation and shame ordinarily incident to such a proceeding; and, as the mortification consists in being removed from the cars rather than in the place of removal, the conclusion is irresistible that the plaintiff should be permitted to claim nothing for lacerated feelings or wounded sensibilities for expulsion at a point other than the usual stopping-place. If, therefore, the only injury proved were the violation of the plaintiff's right to be landed at a regular stopping-place, the wrong done him would be technical merely, and a verdict for more than nominal damages would not be sustained. Authorities *sup.; 2 Rorer on R'ys, 866.* Where a plaintiff is without fault the jury may award him more than nominal damages, even though no actual injury to his person or pecuniary loss be proven, but not so in a case like this, where the plaintiff has himself committed the first wrong and the company has used no unnecessary violence in expelling him for it. But the proof shows, and the jury by their verdict have found that the plaintiff sustained actual pecuniary damages. It is not necessary for us to inquire whether this damage reached the sum awarded by the verdict. The appellant acquiesced in the amount assessed by the jury, and contented itself with the contention that the judgment should be for it. The question as to whether damages are excessive will not be considered here, where the appellant fails to make the objection in the trial court and assign it as error in the motion for a new trial. *Crump v. Starke, 23 Ark., 131; Neal v. Singleton, 26 Ib., 491; Texas & St. Louis R'y v. Kirby, 44 Ib., 103; L. C. & L. R. R'y Co. v. Sullivan, 81 Ky., 624.*

3. Excess must be excepted to.

Affirm.