## St. Louis, Iron Mountain & Southern Railway Company *v.* Williams.

### Opinion delivered October 16, 1911.

1. Carriers—wrongful ejection of passenger—damages.—In an action for the wrongful ejection of a passenger at a place other than a usual stopping place, where the evidence showed that defendant was carried three miles beyond his destination and was put off at a point two or three hundred yards beyond a station, and then walked back to his destination, he was not entitled to recover for the pain and injury which he suffered as a consequence of his walk back to his destination, but only to recover his actual injury and pecuniary loss in walking back to the nearest station.   (Page 358.)

2. Same—carrying passenger beyond station—damages.—Where a passenger is carried beyond his destination, through no fault of the carrier, the latter will not be liable in damages if it puts him off at any usual stopping place, unless he elects to go further and pays his fare accordingly.   (Page 359.)

Appeal from Monroe Circuit Court;   *Eugene Lankford,* Judge;   reversed.

*W. E. Hemingway, E. B. Kinsworthy* and *James H. Stevenson,* for appellant.

1.   The evidence is insufficient to establish a cause of action.   There is no liability for damages against a railroad company arising from a passenger's being carried beyond his destination while asleep in his seat.   71 Ga. 710, 51 Am. Rep. 284;   32 S. W. 42;   61 Miss. 8, 10;   2 Hutchinson, Carriers, 1128;   1 Fetter, Carriers, 761 § 301.   Where, as in this case, the journey is very short, and there is any necessity to

give the conductor notice in order that he stop the train, the passenger failing to do so has no remedy for being carried by his station.   84 Ark. 436;  100 Ga. 826.

2.   Evidence of appellee's condition and sufferings when he got to Palmer and afterwards was inadmissible, and the court erred in not excluding it.

3.   The instruction given on the court's own motion (see opinion) was manifestly erroneous.  61 Miss. 8;   49 Ark. 182.

*Geo. F. Chapline* and *H. A. Parker*, for appellee.

1.   The liability of the appellant rests not upon the mere failure of the conductor to wake up the appellee, as appellant assumes, but upon the wrongful ejection of appellee at a point other than a regular stop.  65 Ark. 177;   *Id.* 225;   69 Ark. 186;  66 Ark. 602;  45 Ark. 528;  43 Ark. 535;  83 Ark. 85;  87 Ark. 165;  98 Ark. 418.

In the operation of trains, the employees of carriers must take into consideration the age, sex and physical condition of passengers.

In this case, the conductor was negligent in failing to take up appellee's ticket and in carrying him past his destination; and his act in ejecting appellee from the train was wrongful.

2.   Evidence of appellee's condition and suffering when he reached Palmer and afterwards was properly admitted.  97 Ark. 505.

3.   There is no error in the oral instruction objected to by appellant.

HART, J.   On the 7th day of August, 1910, Ewan Williams, a boy nineteen years of age, bought a railroad ticket from Postelle, Arkansas, to Palmer station, a distance of two and a half miles.  He boarded one of appellant's trains at Postelle at about 9:50 o'clock A. M.   He says that he had been up nearly all the night before, and was feverish when he boarded the train; that he had a sore hand and a sore leg, and immediately went to sleep;  that he was asleep when the train reached Palmer station, and he did not hear the conductor call out the station, but some time later the conductor came around and waked him up; that he handed the conductor his ticket, and that the conductor pulled the bell cord, telling him that he had passed

Palmer station, and would have to get off; that the train was then just pulling out of Pine City junction; that he got off the train right close to the end of the "Y" about two or three hundred yards north of Pine City junction; that Pine City is on a railroad that runs from Clarendon to Helena, and from Brinkley to Helena, and is about three miles from Palmer station; that he could have got a train back to Palmer station at seven o'clock that evening, but, instead of doing so, he walked back; that he had to stop and rest every now and then, and that it caused him pain to walk; that walking back caused the wound on his leg to inflame and get a whole lot worse; that he suffered a great deal on his way back, and became so sick that he had to go to bed.

Plaintiff brought this suit against the appellant railroad company to recover damages. The jury returned a verdict for him in the sum of two hundred dollars. The railroad company has duly prosecuted an appeal.

Counsel for the appellant insist that the court erred in an instruction given in regard to the duty of the conductor to awaken a sleeping passenger when he reaches his destination. The views we shall hereinafter express render it unnecessary to consider this instruction.

Counsel for the appellee in their brief claim that the action is based on the wrongful ejection of appellee at a point other than a usual stopping place on appellant's line of railroad, and we shall so consider the case. Section 6591 of Kirby's Digest is as follows: "If any passenger shall refuse to pay his fare or toll, it shall be lawful for the conductor of the train and the servants of the corporation to put him out of the cars at any usual stopping place the conductor shall select."

Waiving the question of whether the putting off the train of the appellee in the yards of the appellant at a point two or three hundred yards from the station was the ejection of him at a point other than a usual stopping place, we shall consider the question of his measure of damages under the facts of the present case. The appellee did not prove any pecuniary loss to himself, and whatever personal injury he suffered was the result of his walk back to Palmer station. His action, as contended by his own counsel, is not based upon the fact that he was carried beyond his destination, but is predicated upon

the alleged fact that he was put off the train at a point other than a usual stopping place. The proximate cause of his injury was being put off at a point other than a usual stopping place, and did not result from his action in walking back to Palmer station. This act on his part was not rendered necessary by his being put off the train. Hence we hold that the pain he suffered, and the injury he received as a consequence of his walk back to Palmer station was not competent evidence, and was prejudicial to the rights of the appellant.

It will be noted that counsel for appellee in their brief have abandoned any contention that appellee has a right to recover because he was carried beyond his destination, but claim that appellee is entitled to recover because he was put off the train at a point other than a usual stopping place. This is to concede that the railroad had a right to put him off at Pine City junction. But his counsel now contends that appellant put him off the train 200 or 300 yards beyond Pine City junction. They do not contend that any violence whatever was used in expelling him. His measure of damages, then, would be the actual injury to his person and the pecuniary loss proved to have been suffered by him in walking back to Pine City junction. He did not prove any appreciable amount of damages in either of these respects. *St. Louis, I. M. & S. Ry. Co.* v. *Branch*, 45 Ark. 524.

In any view of the case, either treating it as an action to recover damages because appellant wrongfully carried appellee beyond his destination, or as one for being put off the train at a point other than a usual stopping place, the court erred in giving the following instruction to the jury:

"With that, you are also instructed that if you believe from the testimony that the conductor knew that the boy was crippled or lame, and that when he passed beyond his station he stopped the train and ejected him or put him off and refused to take him on, and that the plaintiff was damaged by being put off, then he would be entitled to recover whatever the testimony shows he was damaged and for the pain and suffering caused by the aggravation of the walk."

The instruction is faulty because it in effect tells the jury that, if the conductor knew that Ewan Williams was crippled or lame, he did not have the right to put him off the train,

regardless of the circumstances under which it was done.  If the appellee was carried beyond his station, through no fault or carelessness on the part of appellant, certainly the appellant would not be required to carry him to the end of its line, but might put him off at any usual stopping place unless the appellee had elected to go further and had paid his fare to the point he elected to be carried.

The judgment is reversed, and the cause is remanded for a new trial.