Lester Charles LAKE *v.* Shirley Ann LAKE,
Guardian of Earl James LAKE,
a Minor

77-240                                    562 S.W. 2d 68

Opinion delivered February 27, 1978
(Division I)

*Q. Byrum Hurst, Jr.,* for appellant.

*Philip M. Clay,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee Shirley Ann Lake and her late husband, as guardians of their minor son, Earl James Lake, brought this action for damages against the child's great uncle, the appellant Lester Charles Lake. The complaint alleged, and there was sufficient proof to show, that the defendant had shown obscene pictures to the child, then eight years old, and had partially undressed the child and fondled him in a homosexual manner. The defendant denied the allegations. This appeal is from a jury verdict of

$10,000 for the child and $5,000 for the mother, as his surviving parent.

The two points for reversal do not require a further narration of the proof. It is first argued that the court should not have permitted the introduction in evidence of certain obscene pictures that were seized by the sheriff in a search of the defendant's home. The court's ruling was correct. The child had testified that the defendant had shown him pictures of naked persons. The pictures meet that description. The pictures were found in the defendant's home. Thus a prima facie case of admissibility was made, the weight to be given to the evidence being a matter for the jury to decide. Cf. the Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001, Rules 104 and 1008 (Supp. 1977).

The second point for reversal, that the verdicts are excessive, presents the serious issue in the case. The complaint sought both compensatory and punitive damages. The verdicts, as we have said, were $10,000 for the child and $5,000 for the mother. There is, however, almost no proof of compensatory damages. As to the child, the only relevant evidence is the mother's testimony that a day or two after the incidents the child was afraid to go into a room by himself or to go to bed without the door being open and the lights turned on. There is no proof that the child's fears continued. As to the mother, the only evidence is that she spent about $100 in taking the child away from the neighborhood after the occurrences. If the jury's awards are treated as being solely compensatory damages, they are not sustained by the evidence.

The appellee presents a twofold argument to sustain the awards. First, it is pointed out that no objection to the excessiveness of the verdicts was made in the trial court. That, however, is immaterial. Such an objection would formerly have been made in a motion for a new trial. But Act 555 of 1953 provides that such a motion is no longer necessary. Ark. Stat. Ann. § 27-2127.5 (Repl. 1962). Consequently it is now permissible for an objection to the amount of the verdict to be made for the first time on appeal. *Southern Nat. Ins. Co.* v. *Williams*, 224 Ark. 938, 277 S.W. 2d 487 (1955).

Second, it is argued that the verdicts can be sustained as awards of punitive damages. The trouble is, the issue of punitive damages was not submitted to the jury. The Oklahoma court, apparently the only one to have passed on the question, has held that when punitive damages have not been submitted to the jury, the jury is not authorized to consider such damages. *Myers* v. *Hubbard,* 80 Okl. 97, 194 P. 433 (1920). That holding is in harmony with our own decisions. We have held that punitive damages are not recoverable unless compensatory damages not only have been suffered by the plaintiff but also have been assessed by the jury. *Southern Farm Bureau Cas. Ins. Co.* v. *Daniel,* 246 Ark. 849, 440 S.W. 2d 582 (1969); *Kroger Gro. & Baking Co.* v. *Reeves,* 210 Ark. 178, 194 S.W. 2d 876 (1946). That holding necessarily means that the jury must make separate awards of compensatory damages and punitive damages, else it becomes impossible for a court to say whether the award of punitive damages is supported by the essential companion award of compensatory damages. That impossibility of review is presented here; so we cannot sustain the verdicts on the theory that they include punitive damages. Moreover, we cannot offer the appellee the option of a remittitur, for it is possible that the jury arrived at its verdicts by awarding punitive damages only. Hence we can correct the error only by ordering a new trial.

Reversed and remanded.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.