E. W. and Gertha STANDRIDGE *v.*
CITY OF HOT SPRINGS

80-294                                    610 S.W. 2d 574
Supreme Court of Arkansas
Opinion delivered January 26, 1981

*Donald Frazier*, for appellants.

*Curtis L. Ridgway, Jr.*, City Atty., for appellee.

GEORGE ROSE SMITH, Justice. The appellants, husband and wife, owned urban property in Hot Springs, on which were situated cabins containing eleven residential rental units. The cabins were allowed to fall into such disrepair that

the city, assertedly after having given lawful notice of its intentions, demolished the cabins as being substandard and unfit for human habitation. The appellants brought this action against the city to recover $40,000 as compensation "for the unlawful destruction of their property."

At the close of all the proof the trial judge directed a verdict for the city on several grounds, one being that the plaintiffs had failed to prove the proper measure of their damages. The Court of Appeals certified the case to us under Rule 29 (1) (o). The only argument for reversal is that the court should not have directed a verdict. Inasmuch as we find that the plaintiffs failed to offer proper proof of their damages, we affirm the judgment.

About six months before the city demolished the cabins the appellants moved away from Hot Springs and stopped renting any of the units. Their sole proof of damages was Mrs. Standridge's testimony that the cabins had formerly been rented for a net rental of about $207 a month. The proper measure of damages, however, is either the replacement value of the cabins or the difference in the value of the land before and after the demolition. *Cy Carney Appliance Co.* v. *True*, 226 Ark. 961, 295 S.W. 2d 768 (1956); *Missouri Pac. R.R.* v. *Wood*, 165 Ark. 240, 263 S.W. 964 (1924); *Bush, Receiver* v. *Taylor*, 130 Ark. 522, 197 S.W. 1172, 7 A.L.R. 262 (1917). That the plaintiff's proof of rental value was introduced without objection cannot be regarded as a waiver by the city of the proper measure of damages, because proof of rental value would arguably have been admissible as bearing upon the value of the cabins before their destruction.

The appellants do not argue that the trial judge was wrong about the correct measure of damages. Instead they argue, without citation of authority, that since Civil Procedure Rule 50 (a) requires that a motion for a directed verdict state the specific grounds therefor, the trial court "cannot add to defendant's motion and give more than asked." That argument is not valid. Our Rule is taken from Federal Civil Procedure Rule 50. The purpose of the sentence in question is to require that the specific ground for a directed verdict be brought to the trial court's attention. *Cortez* v. *Life*

756

*Ins. Co. of North America*, 408 F. 2d 500 (8th Cir., 1969). Specific grounds are also required so that judgment may not be entered upon a ground that might have been met with proof if the ground had been specified. *Ryan Distributing Corp.* v. *Caley*, 147 F. 2d 138 (3d Cir., 1945). Here the trial judge quite properly announced the basis for his ruling, which satisfied the purpose of Rule 50 (a). Had the appellants made the objection now urged, the city could readily have amended its motion to pinpoint the absence of proof of the proper measure of damages.

Affirmed.

PURTLE, J., not participating