Dale LYNCH, County Judge *v.* Ralph J. BLAGG

92-914                                                  847 S.W.2d 32

Supreme Court of Arkansas
Opinion delivered February 15, 1993

*H.G. Foster*, for appellant.

*M. Edward Morgan*, for appellee.

Tom Glaze, Justice. The appellee, an attorney appointed to represent an indigent charged with murder, petitioned the trial court for $18,020.00 in attorney's fees and $435.00 in costs. No response or objection to the appellee's petition was filed or made. The trial court subsequently entered an order granting attorney's fees in the amount of $12,900.00 and $435.00 in expenses for a total award of $13,350.00. In its order the trial court specifically recognized our holding in *Arnold* v. *Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991), wherein we declared the statutory fee "caps" contained in Ark. Code Ann. § 16-92-108 (1987) were unconstitutional; we further stated that, under the circumstances in that case, court-appointed attorneys are entitled to "just compensation" to reasonably compensate them for services rendered. In awarding appellee his fees and expenses, the trial court made no mention in its order as to who was to pay such award. Nor is there anything in the record showing any attempt by appellee to collect the fees and expenses awarded him.

Although appellant made no objection below to the award obtained by appellee, appellant for the first on appeal argues the trial court erred in interpreting § 16-92-108 as imposing liability on the county for the payment of attorney's fees. He also argues the trial court misapplied our holding in the *Arnold* case to the facts here because the appellee here volunteered his services prior to the decision in *Arnold*.

Appellant acknowledges the well-settled rule that

issues not raised in the trial court will not be considered for the first time on appeal. *Viking Ins. Co.* v. *Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992). However, appellant cites *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980), wherein this court listed the four rare exceptions when it will review a case on appeal in the absence of an appropriate objection in the trial court. He suggests the court should add another exception where the court would review any issue which could be characterized as a "difficult and novel question" even though that question was not argued at trial. Of course, appellant further opines the issues raised in this appeal come within the "difficult and novel question" category and should be reviewed. We must reject appellant's argument largely because such a proposed exception offers little or no definition. What might be considered a difficult or novel question is often in the eyes of the beholder and to adopt such a vague and undefined exception would arguably be adopting a version of the federal court's "plain error" rule which this court has steadfastly refused to do.

For the above reasons, we affirm.

HOLT, C.J. and BROWN, J., concur.

ROBERT L. BROWN, Justice, concurring. I concur in this opinion but write only to clarify that we declared the statutory fee "caps" in *Arnold* v. *Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991), to be unconstitutional *as applied* to that case.