STATE of Arkansas *v.* L.J. CAMPBELL

92-1183                                                        851 S.W.2d 434

Supreme Court of Arkansas
Opinion delivered April 19, 1993

*Winston Bryant*, Att'y Gen., by: *Kyle R. Wilson*, Asst. Att'y Gen., for appellant/cross-appellee.

*James E. Goldie*, and *Adams & Nichols Law Firm*, by: *Donald J. Adams*, for appellee/cross-appellant.

ROBERT L. BROWN, Justice. This case brings to the forefront again the payment of attorney's fees for court-appointed counsel. The issues raised are the constitutionality of Ark. Code Ann. § 16-92-108 (1987), the responsibility of the state or county to pay those fees and expenses in excess of the statutory limits, and what constitutes "just compensation" for the taking of an attorney's property in the form of legal services. The trial court concluded that the fee caps were unconstitutional; that the county should pay fees of $350 in each case and costs of $100 in one case and $78.44 in the other case and that the State of Arkansas should pay the balance; and that just compensation was substantially less than compensation claimed by defense counsel. We affirm as modified and remand.

The appellee, L.J. Campbell, was charged with nine counts of delivery of marijuana and as a habitual offender. An attorney, James E. Goldie, was appointed to represent him due to his indigency. The case was tried to a jury over three days, and a conviction resulted. Goldie then moved for attorney's fees in the amount of $10,335, under Ark. Code Ann. § 16-92-108 (b)(1), and costs of $165.78. By judgment entered May 19, 1992, the trial court concluded that counsel was "not entitled to be compensated at the maximum rate he charges private clients" but "only a reasonable amount of compensation." It then awarded $3,500 as compensation and $165.78 in costs. Of those amounts, Newton County was ordered to pay $350 in fees and $100 in costs,

and the State of Arkansas was ordered to pay the balance.

Campbell was also charged in a second information with two counts of delivering methamphetamine and propylhexadrine, manufacturing marijuana, and as a habitual offender. Campbell pled guilty to these charges on February 28, 1992. Goldie, as appointed counsel, then moved for attorney's fees in the amount of $3,030 and $78.44 as costs. The trial court entered judgment on May 26, 1992, again finding that counsel was "not entitled to be compensated at the maximum rate he charges private clients" but "only a reasonable amount of compensation." The court then awarded $650 as compensation and $78.44 in costs. Newton County was ordered to pay $350 of the fees and the full $78.44 in costs, with the State of Arkansas being responsible for the balance of the fees.

On June 4, 1992, the State filed a motion to amend both judgments as to the issue of responsibility for payment. No order was entered on the motion within thirty days, and the State proceeded with this appeal on the issue of liability for payment of fees.[1] Goldie cross-appealed on whether he was denied just compensation for his services.

## I. DIRECT APPEAL — STATE LIABILITY FOR PAYMENT OF LEGAL FEES

The statute embracing fee and expense caps, Ark. Code Ann. § 16-92-108 (1987), reads:

> (a) Whenever legal counsel is appointed by any court of this state to represent indigent persons accused of crimes, whether misdemeanors or felonies, the court shall determine the amount of the fee to be paid the attorney and an amount for a reasonable and adequate investigation of the charges made against the indigent and shall issue an order for the payment thereof.

> (b) (1) The amount allowed for investigation expenses shall not exceed one hundred dollars ($100), and

---

[1] On March 23, 1983, the State moved to dismiss its appeal on the basis that this issue was decided in *State* v. *Post*, 311 Ark. 510, 845 S.W.2d 487 (1993). We deny the motion for the reason stated in this opinion.

the amount of the attorney's fee shall be not less than twenty-five dollars ($25.00) nor more than three hundred fifty dollars ($350).

(2) The amount of attorney's fees for attorneys who defend indigents accused of capital murder or murder in the first degree shall be not more than one thousand dollars ($1,000).

(3) The attorney's fees provided for by this section shall be based upon the experience of the attorney and the time and effort devoted by him in the preparation and trial of the indigent, commensurate with fees paid other attorneys in the community for similar services.

(c) (1) Upon being furnished an order of the court fixing the fees, the quorum court of the county in which the indigent was charged shall appropriate from the county general fund adequate funds to pay the fees, not to exceed the amount of three hundred fifty dollars ($350) for the attorney's fees nor one hundred dollars ($100) for investigation expenses, and the county treasurer shall disburse the fees to the appointed attorney.

(2) The balance not paid by the counties shall be paid by the state from the Trial Expense Assistance Fund created by § 16-92-109.

(d) An attorney shall not be so appointed by a court if the attorney certifies to the court, in writing, that he or she has not attended or taken a prescribed course in criminal law in an accredited school of law within twenty-five (25) years prior to the date of appointment, that the attorney does not hold himself or herself out to the public as a criminal lawyer, and that he or she does not regularly engage in the practice of criminal law.

There has been a division on this court concerning the facial viability of the fee cap provisions of § 16-92-108. Our plurality decision in *State* v. *Post, supra,* illustrates that division. Two members of this court agreed that the statute was constitutionally impaired and should be invalidated. Two members, concurring, agreed that *Arnold* v. *Kemp,* 306 Ark. 294, 813 S.W.2d 770 (1990), struck down the fee cap section, § 16-92-108(b), as

applied to that case on Due Process and Equal Protection grounds. Three members of this court, dissenting, also referred to the fact that *Arnold* v. *Kemp* rendered the fee cap and expense section of § 16-92-108 unconstitutional under the circumstances of that case.

██ We take this opportunity to clarify our position and for that reason refuse to grant the State's motion to dismiss its appeal. We hold that the fee cap statute — § 16-92-108 — is unconstitutional on its face. This accords with our statements in cases subsequent to *Arnold* v. *Kemp* where we professed that § 16-92-108 was unconstitutional. See *Lynch* v. *Blagg*, 312 Ark. 80, 847 S.W.2d 32 (1993); *Wainwright* v. *State*, 307 Ark. 569, 823 S.W.2d 449 (1991) (per curiam); *Finley* v. *State*, 307 Ark. 53, 818 S.W.2d 242 (1991). Because the statute is unconstitutional there is no statutory vehicle for the assessment of part of the fees and expenses against Newton County. Accordingly, as was the case in *State* v. *Post, supra*, the portion of the trial court's order assessing $450 against Newton County in one case and $428.44 in the other is modified to place full responsibility for payment of the award on the State.

## II. CROSS APPEAL — JUST COMPENSATION

██ Mr. Goldie contends on cross appeal that the fees awarded do not represent just compensation for a taking of his property. We recently considered this issue and concluded that just compensation did not mean full compensation but rather reasonable compensation to be determined by the trial court based on certain relevant factors. *State* v. *Independence County*, No. 92-1298 (April 5, 1993). In that case, we quoted from our decision in *Arnold* v. *Kemp, supra*, and reaffirmed our understanding of just compensation:

> In awarding fees to Messrs. Arnold and Allen for reasonably expended services, we do not mean that the trial court must simply award fees based on their customary hourly charges or fixed fees for services in criminal cases of this nature. To the contrary, the trial court should determine fees that are considered "just." In *Chrisco* v. *Sun. Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990), we recognized various factors to be considered by a trial court in making its decision, on an award of attorneys' fees,

including the experience and ability of the attorney, the time and labor required to perform the legal service properly, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, the time limitations imposed upon the client's defense or by the circumstances, and the likelihood, if apparent to the court, that the acceptance of the particular employment will preclude other employment by the lawyer.

306 Ark. 304-305, 813 S.W.2d at 776. This reasoning certainly applies to the present case.

■ One additional factor bears mention. We note that federal judicial officers are advised by the Administrative Office of the United States Courts to be aware of the available judicial appropriation in awarding compensation. *See 7 Guide to Judiciary Policies and Procedures,* "Appointment of Counsel in Criminal Cases," Ch. VI, § 6.02(B), p. 60 (Supp. 1990). Similarly, prudence dictates that our courts be aware of what government funds are available for payment of court-appointed counsel.

The trial court in the instant case made several findings in assessing reasonableness of the fees: 1) a flat fee charged for similar cases to those handled by counsel would be less than the fee claimed; 2) the federal system does not compensate court-appointed counsel at counsel's rates of $80 an hour for work out-of-court and $100 an hour for work in-court; 3) counsel had not been overburdened by criminal appointments in the past two years; 4) there were too many hours invested in the case; and 5) court-appointed counsel in criminal cases are not entitled to receive the maximum rate charged in civil cases. The court concluded that a reduction in fees was appropriate and set the fees accordingly.

■ We hold that the trial court's findings were not in error and that its conclusions of what fees and costs to award did not constitute an abuse of discretion. *See State* v. *Independence County, supra; Chrisco* v. *Sun Indus., Inc., supra; Southall* v. *Farm Bureau Mutual Ins. Co. of Arkansas, Inc.,* 283 Ark. 335, 676 S.W.2d 228 (1984). We underscore that it is incumbent upon the trial courts to decide the reasonableness of fee requests based on relevant factors such as we outline here. That is precisely what

the trial court did in this case.

Affirmed as modified and remanded.