Val P. PRICE *v.* STATE of Arkansas

92-1276                                              852 S.W.2d 107

Supreme Court of Arkansas
Opinion delivered May 3, 1993
[Supplemental Opinion on Denial of Rehearing June 28, 1993.]

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The present case comes to this court as an appeal from a post-conviction order removing a court-appointed defense attorney, Val Price, from the representation of Rammie Hall in his appeal and awarding Price legal fees of $5,500 for work done in Hall's capital murder trial. Rammie Hall continues to be represented in his separate trial by the part-time public defender, Murrey Grider.

The notice of appeal from the trial judge's order removing Price and setting his fee was filed in Hall's case and was styled State of Arkansas versus Rammie E. Hall, Randolph County No. CR 90-67. Despite the notice of appeal, the record and briefs filed in this court are styled with Val Price versus State of Arkansas. On appeal, Price contests both his removal as court-appointed counsel and the amount of his fee award.

We hold that Price has no basis for jurisdiction in this court, and we, therefore, dismiss the appeal.

Price predicates jurisdiction on Ark. R. App. P. 2(a)(8), which permits an appeal when an order disqualifies an attorney from further participation in a case. The disqualification of counsel envisioned in Ark. R. App. P. 2(a)(8) is something altogether different from what occurred in this case.

Appellate Rule 2(a) (8) had its genesis in a 1982 case where a motion was made by one party to disqualify counsel of the opposing party for violation of the Code of Professional Responsibility. *Herron v. Jones*, 276 Ark. 493, 637 S.W.2d 569 (1982); *see also First American Carriers, Inc. v. The Kroger Co.*, 302 Ark. 86, 787 S.W.2d 669 (1990); *Gipson v. Brown*, 288 Ark. 422, 706 S.W.2d 369 (1986). The motion was granted, and the disqualification order was appealed. We held that the order was final, and that same date we issued a per curiam order amending Appellate Rule 2(a) to render appealable an order disqualifying counsel. *In Re Amendment of rule 2 of the Rules of Appellate Procedure,*

276 Ark. 605 (1982). In the present case, the trial judge, on his own motion, simply removed court-appointed counsel for purposes of the appeal, leaving the public defender to represent Rammie Hall. This removal is not a disqualification initially raised by opposing counsel on ethical grounds under Appellate Rule 2(a)(8) and, hence, does not constitute an appealable order under that Rule.

Price further asserts that the trial judge's order removing him as counsel is a final order depriving Hall of his Sixth Amendment right to counsel. This appeal, though, is brought in the name of Val Price — not Rammie Hall. Moreover, the part-time public defender, Murrey Grider, is representing Hall on appeal, as he did in the capital-murder trial with Price. At the hearing on this question, Hall voiced no objection to the public defender's continued representation of him on appeal or to Price's removal. Accordingly, Price, in his separate appeal has no standing to assert that Hall is without counsel or that he alone can provide effective counsel to Hall. These rights are personal to Hall. *See Kennedy* v. *Kelly*, 295 Ark. 678, 751 S.W.2d 6 (1988). Should Hall wish to assert his Sixth Amendment rights, there is nothing to prevent him from doing so as part of his own appeal.

Price then goes forward and devotes virtually his entire brief to his contention that the fee awarded by the trial judge was inadequate. But that argument, standing alone, presents no independent basis for jurisdiction in this court, and we decline to address the issue. In sum, we can ascertain no basis for jurisdiction in this court. Because this appeal lacks an appropriate jurisdictional basis, we dismiss it.

Appeal dismissed.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
JUNE 28, 1993

856 S.W.2d 10

1. COURTS — JURISDICTION — APPEAL OF ATTORNEY'S FEES BY TRIAL APPOINTED COUNSEL WHO WAS REMOVED AND WITHOUT NORMAL AVENUES OF APPEAL. — The supreme court accepted the appeal of the appellant under its general supervisory authority to regulate the practice of law as established by Ark. Const. Amend. 28 and by Sup. Ct. R. 1-2(a)(8), where an attorney was appointed by the trial judge to represent a defendant, was awarded a fee, and then was denied a traditional vehicle for review of the adequacy of that fee.

2. ATTORNEY & CLIENT — FEES — CRITERIA TO BE CONSIDERED. — The criteria to be considered by a trial judge in setting a reasonable fee, among others, include the experience and ability of the attorney, the time and labor required to perform the legal services properly, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar services, the time limitations imposed by the client's defense, and the impact on the attorney's practice.

3. ATTORNEY & CLIENT — FEES — NO FIXED FORMULA. — There is no fixed formula for computing remuneration for attorneys, and the appellate court will defer to the superior perspective of the trial judge to weigh and apply the factors based on an intimate familiarity with the proceedings and with the quality of services rendered.

4. APPEAL & ERROR — STANDARD OF REVIEW FOR ATTORNEYS FEES. — The discretion of the trial judge is not to be disturbed on appeal in the absence of abuse.

5. ATTORNEY & CLIENT — FEES — NO ABUSE OF DISCRETION. — Where the trial judge weighed the factors, noted the county judge's position, concluded a fee in the range of $600 to $900 would be contrary to public policy, and found an increase of the fee by $2,000 for a total fee of $5,500 to be appropriate, he did not abuse his discretion.

Petition for Rehearing denied.

*Val Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Val P. Price, petitions for rehearing on the basis that by dismissing his appeal

due to lack of jurisdiction in this court, we foreclosed him from any avenue for a review of the attorney's fee awarded by the trial judge. We agree with the point made regarding jurisdiction but deny the petition for rehearing. In addressing the appeal on the merits, we affirm the trial judge's order.

We initially declined to accept jurisdiction for two reasons: 1) the appellant's claim of jurisdiction based on Ark. R. App. P. 2(a)(8) was ill-founded; and 2) any constitutional argument predicated on the rights of Rammie Hall (the defendant below) were personal to him, and the appellant had no standing to raise them. We are struck, however, by the fact that traditional avenues for appeal do not appear open to an attorney such as the appellant who has been removed as counsel by the trial judge and, thus, will not appear before this court as part of Rammie Hall's appeal. Yet, without the ability to appeal to this court for review of the trial judge's order regarding fees (an order that is unquestionably final), the appellant is without a remedy for appeal.

The appellant was appointed by the trial judge to represent Rammie Hall in his capital murder trial and was awarded $5,500 for his services. He vehemently contests the adequacy of this fee. Under the circumstances, the adequacy of an attorney's fee falls well within the ambit of the practice of law over which this court has general supervisory authority. Ark. Const., Amendment 28. ("The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law.") Moreover, we have defined our appellate jurisdiction to embrace: "Cases involving the discipline of attorneys-at-law and other cases arising under the power of the Supreme Court to regulate the practice of law." Ark. Sup. Ct. R. 1-2(a)(8).

■ We, therefore, accept the appeal of the appellant under our general supervisory authority to regulate the practice of law as established by Amendment 28 and by Supreme Court Rule 1-2(a)(8) where an attorney has been appointed by the trial judge to represent a defendant, has been awarded a fee, and then has been denied a traditional vehicle for review of the adequacy of that fee. We note, however, that we view this as an extremely narrow window for relief and that the circumstances of removal of court-appointed trial counsel from participating in the appeal is highly

unusual.

In addressing the appeal on the merits, we have recently reviewed the issue of appropriate attorney's fees for court-appointed counsel and the factors to be considered in three recent decisions. *State* v. *Campbell*, 312 Ark. 593, 851 S.W.2d 434 (1993); *State* v. *Independence County*, 312 Ark. 472, 850 S.W.2d 842 (1993); *State* v. *Post*, 311 Ark. 510, 845 S.W.2d 487 (1993). We do so again in the present case.

■ Price, in his petition for a larger fee which he presented to the trial judge after Hall's conviction, used the criteria set forth in *Arnold* v. *Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991). The criteria to be considered by a trial judge in setting a reasonable fee, among others, include the experience and ability of the attorney, the time and labor required to perform the legal service properly, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar services, the time limitations imposed by the client's defense, and the impact on the attorney's practice. *See also Chrisco* v. *Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

Price contended, regarding the criteria, that 1) he had practiced law for ten years and had handled 41 criminal jury trials, including five murder cases and three federal cases; 2) he had graduated from a two-week program offered by the National Defense College's Trial Practice Institute; 3) he practiced law in Craighead County but was appointed to represent Hall in Randolph County; 4) he had spent considerable time on the case, as it involved a capital felony murder charge with a possible death sentence, and, being a solo practitioner, he was obliged to put additional employment aside; 5) in a recent Craighead County rape and kidnapping case, the trial judge had granted a fee of $7,375, or $50 per hour, for 147.5 hours of work; 6) federal courts pay a rate of $40 per hour for out-of-court time and $60 per hour for in-court time, and, for federal habeas cases involving review of state capital-murder death-penalty cases, $100 to $125 per hour; and 7) $50,000 is the approximate going rate for an attorney in any capital murder case. Price also attached copies of his hourly billing, which recorded 86 hours of out-of-court time and 64.5 hours of in-court time, amounting to a total of 150.5 hours spent on the Hall case. He argued that the trial judge's initial fee of

$3,500 rendered him a fee at the rate of $23 per hour.

The trial judge allowed Price ample scope for presenting comparative fees at the hearing. Additionally, Murrey Grider, Price's co-counsel at trial, testified that Price had done a good job and was of great assistance to him. The prosecutor also testified that the Hall case was probably the "hardest capital murder case I've ever tried" and that "Mr. Price did an excellent job in the case." It was a six-day trial, and there were 46 witnesses and 124 exhibits involved. However, there was also testimony from the Randolph County Judge, Jim Andrews, that Price agreed to accept $600 and then $900 to assist Grider in Hall's defense and that he should be limited to that amount.

■■ The factors listed in *Arnold* v. *Kemp*, *supra*, and used by Price are familiar components for fee setting. There is, though, no fixed formula for computing remuneration for attorneys, and we have made it clear that we will defer to the superior perspective of the trial judge to weigh and apply the *Arnold* v. *Kemp* factors based on an intimate familiarity with the proceedings and with the quality of services rendered. *State* v. *Campbell*, *supra*; *State* v. *Independence County*, *supra*. The discretion of the trial judge is not to be disturbed on appeal in the absence of abuse. *Id.*

■ From a review of the record and arguments in the present case, it appears that the trial judge weighed the factors set forth in *Arnold* v. *Kemp* and noted the Randolph County Judge's position, although the trial judge concluded that a fee in the range of $600 to $900 for Price would be contrary to public policy. He then found an increase of the fee by $2,000 for a total fee of $5,500 to be appropriate. Price argues that this compensates him at a rate of about $36 an hour. Be that as it may, we defer to the trial judge in this instance in determining the reasonableness of Price's compensation. We hold that he did not abuse his discretion in awarding the fee.

The petition for rehearing is denied.