John STACKS *v.* Randy JONES and Rita Jones

95-211                                    916 S.W.2d 120

Supreme Court of Arkansas
Opinion delivered March 11, 1996

644

*Timothy O. Dudley*, for appellant.

*Donna J. Wolfe*, for appellees.

TOM GLAZE, Justice. On July 20, 1990, the appellees, Randy and Rita Jones, leased a feed mill business from Mountaire Feeds, Inc., for five years. The lease contained an option to renew for an additional five years at the end of the primary term. During the primary term, appellant John Stacks entered into negotiations to purchase the mill from Mountaire, and those negotiations culminated in a sale on August 14, 1992. At that time, Mountaire assigned the Joneses' lease to Stacks. Significantly, a wind storm had damaged the fertilizer and seed storage bins on the leased property only four days prior to Stacks's purchase of the property. By letter dated October 30, 1992, Stacks told the Joneses he would not repair the storm damage and he was terminating that portion of the lease involving the fertilizer business. Stacks further notified the Joneses that they were in noncompliance with certain lease provisions. Stacks, about six weeks later, demanded the Joneses vacate the property.

On March 11, 1993, the Joneses brought this lawsuit, alleging Stacks had breached their lease agreement, and seeking damages arising from that breach. On September 29, 1994, this matter was tried to a jury which returned a judgment in favor of the Joneses in the sum of $137,797.00. The trial court entered its judgment on October 12, 1994, and Stacks's new counsel entered his appearance and filed a timely motion for new trial on October 24, 1994. That motion alleged juror misconduct. The

record reflects no ruling on Stacks's motion, but it shows he filed a timely appeal on December 9, 1994.[1]

■ In his appeal, Stacks first argues there is no substantial evidence to support the jury's award of damages. He claims damages are excessive as a matter of law and fact. However, Stacks simply failed to preserve his arguments below. For example, he now cites the case of *Burnette v. Morgan*, 303 Ark. 150, 794 S.W.2d 145 (1990), in support of his contention that the jury erred in awarding the Joneses damages covering future losses resulting from the five-year lease renewal period. Stacks argues the *Burnette* decision, as a matter of law, bars the Joneses from recovering damages extending beyond the primary term of the leasehold interest. While Stacks's argument might have some merit, the Joneses point out Stacks never mentioned *Burnette* below, nor did he object to the evidence the Joneses presented on this future-loss issue. In addition, Stacks also failed to tender an instruction on the issue.

■ Although Stacks concedes the *Burnette* issue was never raised below, he claims that, as a matter of fact and under the evidence, the future losses resulting from the renewal option had been miscalculated and awarded by the jury.[2] As a consequence, he claims he duly preserved the excessive-damages issue when he moved for a directed verdict at the end of the Joneses' case and after all the evidence had been submitted. We must reject Stacks's argument on this point because his directed verdict motion failed to specify excessive damages as a ground. Under Ark. R. Civ. P. 50(a), a motion for directed verdict must state the movant's specific grounds. The purpose of this requirement is to assure the specific ground for a directed verdict is brought to the trial court's attention. *See Standridge v. City of Hot Springs*, 271 Ark. 754, 610 S.W.2d 574 (1981).[3]

---

[1] The ten-day deadline for filing Stacks's new trial motion fell on Saturday, October 22, 1994, which extended the time to the following Monday, October 24, 1994. The motion was deemed denied thirty days later, making his notice of appeal filed on December 9, 1994, timely. *See* Ark. R. Civ. P. 59(b) and Ark. R. App. P. 4(c).

[2] Included in this argument is Stacks's claim that the Joneses were asking double recovery since they wanted both lost profits plus debts incurred in the feed mill's operation.

[3] Although the Joneses emphasize Stacks has failed to preserve his arguments on

Stacks also cites Ark. R. Civ. P. 59 in an attempt to salvage his appeal, and argues that rule provides that an error in the assessment of the amount of recovery, whether too large or too small, is a ground for granting a new trial. He further asserts provision (f) of Rule 59 provides that it was unnecessary for him to move for a new trial in order to preserve error concerning the damages issue. In other words, Stacks suggests that any of the Rule 59(a) grounds for a new trial (like excessive damages) can be urged on appeal without ever having brought those grounds to the attention of the trial court.

■ We first make the observation that, if we accepted Stacks's interpretation of Rule 59(f), we would be adopting a plain error rule — a rule this court has steadfastly rejected. *See Lynch* v. *Blagg*, 312 Ark. 80, 847 S.W.2d 32 (1993). Second, while Stacks complains that it was impossible for him to have complained about excessive damages until after the jury returned its verdict, he ignores the fact that he failed to object to any of the Joneses' evidence bearing on damages that he now claims on appeal are erroneous as a matter of law. For example, he allowed, without objection, the Joneses' economic expert to testify thoroughly as to the future losses he now claims violate the holding in *Burnette*. Likewise, he failed to object to the Joneses' testimony on lost profits, but instead seeks to question that evidence for the first time in this appeal. And finally, we note Stacks never offered any jury instructions bearing on these damage issues, or any setoff matters that he now argues he is legally due.[4]

■ Clearly, under Rule 59(f), if a party has already properly preserved his or her error concerning any of the grounds listed in Rule 59(a), that party is not required to make a motion for new trial in order to argue those grounds on appeal. *Cf. Hall* v. *Grimmett*, 318 Ark. 309, 885 S.W.2d 297 (1994). Nonethe-

---

appeal, we note they also reiterate throughout their argument that they offered substantial proof, including expert testimony, which established the damages awarded by the jury. We find it unnecessary to discuss the evidence in detail, since we agree Stacks failed to raise these damage issues below.

[4] Stacks argues on appeal that the jury should have deducted certain amounts representing the Joneses' "substantial current earnings," as well as fertilizer tonnage amounts provided in the lease.

less, because our rules do not provide for plain error, any error argued on appeal must have first been directed to the trial court's attention in some appropriate manner, so that court had an opportunity to address the issue. Our court continues to adhere to the well-settled rule that issues not raised in the trial court will not be considered for the first time on appeal. *Lynch*, 312 Ark. at 82, 847 S.W.2d at 33.

In his second point for reversal, Stacks contends the trial court erred in refusing to give an instruction regarding the Joneses' duty to mitigate damages. The trial court refused, stating no evidence existed to support such an instruction.

Stacks proffered AMI 2229 which is the instruction on the mitigation of damages to real and personal property. The note on use to AMI 2229 explains the instruction should be given only when there is evidence that a party claiming property damage has failed to mitigate damages. This court in *Twin City Bank* v. *Isaacs*, 283 Ark. 127, 672 S.W.2d 651 (1984), stated that AMI 2229 deals with physical damages to real or personal property covered by AMI 2222 through 2228. Here, the Joneses were seeking lost profits, not physical damages to property. Accordingly, the trial court was correct in refusing Stacks's proffer of AMI 2229.

For the reasons hereinabove, we affirm.

NEWBERN, J., concurs.

DAVID NEWBERN, Justice, concurring. Arkansas Rules of Civil Procedure 59(f) provides: "A motion for a new trial shall not be necessary to preserve for appeal an error which could be the basis for granting a new trial." That provision was added to the rule in 1984 to restore to Arkansas practice the provision previously found in superseded Ark. Stat. Ann. § 27-2127.5 (Repl. 1962). Prior to 1984 it was not to be found in the Rules, which became effective in 1979.

In *Hall* v. *Grimmett*, 318 Ark. 309, 885 S.W.2d 297 (1994), the appellants argued that a judgment which resulted in no damages to them as plaintiffs in an automobile negligence case should be overturned because the verdict of the jury was against the preponderance of the evidence. Rule 59(a)(6) provides that a new trial may be granted because "the verdict or

decision is clearly contrary to the preponderance of the evidence." No motion for a new trial had been made. We wrote:

> Mr. and Mrs. Hall's sole point on appeal is that the jury verdict was against the "great weight and preponderance of the evidence." The Halls did not move for a new trial and this is not an appeal from the denial of a motion for a new trial. *See* ARCP Rule 59(a)(6). *It is not necessary to move for a new trial to preserve for appeal any error which could be the basis for granting a new trial.* ARCP Rule 59(f). Rule 59 specifically states a motion for new trial may be granted for eight reasons, one of which is where the verdict is clearly contrary to the preponderance of the evidence. [Emphasis supplied.]

The majority opinion suggests that Rule 59(f) only obviates the need to move for a new trial to preserve an error which could be the basis of one of the eight grounds and that an error constituting one of the eight grounds must have been preserved by objection in some other context in order to be considered on appeal. If that is the case, Rule 59(f) has no utility or meaning. We posed no such requirement in the *Hall* case or in cases decided under the predecessor statute. In *Southern National Ins. Co.* v. *Williams,* 224 Ark. 938, 277 S.W.2d 487 (1955), it was argued that the appellant could not question excessiveness of damages on appeal absent having challenged the award in the Trial Court. We wrote:

> As a preliminary matter it is contended that the appellant is not entitled to question the amount of the verdict, for the reason that the liberality of the award was not challenged in the trial court. This argument would formerly have been meritorious. By the Civil Code excessiveness of the damages was a ground for a new trial. Ark. Stats., § 27-1901, and the error was waived if not assigned in the motion for a new trial. *St. L., I.M. & S. R'y* v. *Branch,* 45 Ark. 524. But Act 555 of 1953 provides that no motion for a new trial and no assignment of errors shall be necessary. Ark. Stats., § 27-2127.5. Thus the old rule has apparently been abrogated.

Similar language and a similar holding occurred in *Lake* v. *Lake,* 262 Ark. 852, 562 S.W.2d 68 (1978).

Despite the fairly longstanding history of this seeming exception to the "plain error rule" in this State, there is no good reason not to require that the trial court be apprised by motion of a ground for a new trial as a prerequisite to an appeal seeking a new trial. While I cannot interpret Rule 59(f) as strictly as the majority opinion does, I would interpret it in such a way as to preclude it from becoming a mask for objections which could have been, but were not, made at the trial.

In this case, the Stackses argue entitlement to a new trial due to an excessive award of damages. While that seems to fit the ground stated in Rule 59(a)(4) or (5), the supporting argument is that irrelevant evidence was admitted to prove damages which should not have been recoverable as a matter of law. We should not review that evidentiary issue under the guise of Rule 59(a)(4) or (5).

Subsection (f) should be excised from Rule 59. Until that occurs we, and thereafter the trial courts, should limit the granting of relief under Rule 59 to instances in which the new trial motion or argument on appeal is not a cover for alleged errors which should have been, but were not, called to the trial court's attention in other ways. To that extent I concur with the majority opinion, and I fully concur in the result it reaches.