Haag *v.* Morgan.

5-786                                    284 S. W. 2d 866

Opinion delivered December 5, 1955.

[Rehearing denied January 9, 1956.]

*Bon McCourtney, Claude B. Brinton* and *A. C. Hervey,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

Sam Robinson, Associate Justice. This is a personal injury case growing out of an automobile accident. Appellants, William Haag and his wife Patsy, filed suit for damages due to injuries sustained by Patsy while an occupant of an automobile driven by appellee Morgan. The complaint alleges that Morgan, while intoxicated and over the protests of Patsy, was driving the car at about 75 miles per hour and failed to negotiate a curve, thereby causing the car to overturn resulting in serious injuries to Patsy. In addition to a general denial, the defendant pleaded that Patsy was a guest in the car and further that she was guilty of contributory negligence. The jury returned a verdict for the defendant.

On several occasions before the accident, Morgan and Mrs. Haag had been together on drinking parties, and the evidence justifies the conclusion that on the day in question they were again on a mutual drinking spree. They had met about 10 o'clock in the morning in a place called the Brass Rail, and had some beer. Morgan purchased additional beer which they took with them when

they went riding in Morgan's car. Later, after drinking the beer, they stopped at a Mrs. Wright's and got some whiskey. Then they drove up to Missouri, returned to Arkansas, and obtained more whiskey. Patsy says she did not drink from the last bottle but only pretended to do so. The accident occurred sometime during that afternoon.

The court instructed the jury with reference to the guest statute, Ark. Stats., §§ 75-913-14-15. Appellants contend that the statute has no application here in that it only applies to self-invited guests, and that Mrs. Haag did not come within that category. Appellants further contend that there was error in the giving of certain instructions and the failure to give other instructions. No general objection was made to the giving of any of the instructions.

By Instruction No. 3 the court informed the jury as to the proof required in a guest case and defined willful negligence. Appellants requested that the instruction be changed to read "self-invited guests." However, regardless of whether Mrs. Haag was a self-invited guest or had been invited by the operator of the car, the statute applies. *Roberson* v. *Roberson*, 193 Ark. 669, 101 S. W. 2d 961. Appellants also complain of the giving of an instruction submitting the issue of a joint adventure, but there was no objection to the instruction at the trial.

Instruction No. 2 given by the court reads as follows: "In order to recover the plaintiffs must show by a preponderance of the evidence that the defendant willfully and wantonly operated the automobile at the time of the injuries and that such willful and wanton operation on his part was the cause of the injuries. The burden of proof is on the defendant to show by a preponderance or greater weight of the evidence that there was a joint enterprise or adventure or that Patsy Haag was guilty of contributory negligence." Appellants objected specifically that this instruction was a comment on the evidence, but we do not think it is subject to that construction.

We have carefully examined all of the points mentioned by appellants on appeal and find no error. The judgment is affirmed.