## Jerry G. PALMER v. Pam MYKLEBUST

5-4438                                    424 S. W. 2d 169

Opinion delivered February 5, 1968
[Rehearing denied March 11, 1968.]

*Gannaway & Darrow,* for appellant.

*Howell, Price & Worsham,* for appellee.

George Rose Smith, Justice. This is a guest statute case. On the night of May 26, 1966, the appellee Pam Myklebust, age 21, the appellant Jerry G. Palmer,

and another young couple were riding in North Little Rock in a car being driven by Jerry. Pam was admittedly a guest. She was injured when Jerry turned sharply into a filling station and struck a vending machine with such force that Pam was thrown against the windshield, shattering the glass and cutting her face. In this action brought by Pam the jury awarded her $2,500. For reversal the appellant contends that there was no proof of willful misconduct on his part and that Pam assumed the risk of his hazardous driving.

The court properly submitted to the jury the issue of willful misconduct. Jerry admitted that he had been drinking and had had about nine beers. Even though neither Pam nor Jerry testified that he was intoxicated, the jury were entitled to take into the jury box their common sense and experience in the ordinary affairs of life. *Rogers* v. *Stillman*, 233 Ark. 779, 268 S. W. 2d 614 (1954). They might fairly have concluded that the consumption of so much beer had affected Jerry's ability to drive. One who drives while intoxicated may be found to be chargeable with willful and wanton misconduct. *Bridges* v. *Stephens*, 238 Ark. 801, 384 S. W. 2d 490 (1964).

Furthermore, Pam testified that Jerry seemed not to be familiar with the car, which belonged to the other young man's grandmother, and that his driving so frightened her that she asked to be taken home. That request angered Jerry, who at once tried to turn back and comply with Pam's request. In his attempt to make a U-turn Jerry drove into the filling station at an excessive speed and hit the vending machine without even attempting to apply his brakes. He later pleaded guilty to reckless driving, which involves a wanton disregard for the safety of others. Ark. Stat. Ann. § 75-1003 (Repl. 1957); *Miller* v. *Blanton*, 213 Ark. 246, 210 S. W. 2d 293, 3 A. L. R. 2d 203 (1948).

On the whole, there was ample testimony to support a finding of willful misconduct.

We are similarly of the opinion that the issue of assumed risk was for the jury. Even though Jerry had been drinking, Pam testified that he didn't appear to be under the influence of alcohol. When, however, it became apparent that he was driving very badly, Pam protested—asking first that she be permitted to take the wheel and later that she be taken home. Upon substantially the same testimony we held, when contributory negligence was a complete defense, that the passenger was not guilty of contributory negligence as a matter of law. *Scott* v. *Shairrick*, 225 Ark. 59, 279 S. W. 2d 39 (1955). We likewise hold in the case at bar that Pam did not, as a matter of law, assume the risk of Jerry's hazardous driving. The verdict sets the issue at rest.

Affirmed.

BYRD, J., concurs.

CONLEY BYRD, Justice, concurring. I concur in the result reached here. I consider that a factual issue on willful and wanton negligence was made upon the showing that appellant made an enraged and erratic U-turn without slackening the speed of his automobile. I do not consider the amount of beer shown by the record to have been consumed to be sufficient in itself to submit to the jury the issue of willful and wanton negligence.