Steven W. GOODNIGHT *v.* Michael J. RICHARDSON and JENSEN CONSTRUCTION COMPANY

84-314                                        688 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered May 13, 1985

*Guy Jones, Jr.,* for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.,* for appellee.

DARRELL HICKMAN, Justice. Steven W. Goodnight sued Michael J. Richardson and Jensen Construction Company after being injured while he was a passenger in a vehicle driven by Richardson. Goodnight alleged Richardson was negligent and exercised willful and wanton misconduct in the operation of the automobile. It was alleged that Jensen Construction Company was negligent in failing to warn the motoring public of repairs it had undertaken on the highway. The trial court granted a directed verdict, which we affirm, finding no merit to appellant's arguments.

On appeal from the granting of a directed verdict, we view the facts most favorable to the appellant. *Stalter* v. *Coca-Cola Bottling Co.,* 282 Ark. 443, 669 S.W.2d 460 (1984). On the evening of April 27, 1979, Goodnight and Richardson drove to Little Rock from Pine Bluff to go to some nightclubs. It was

purely a social occasion. Goodnight bought gas for Richardson's car in exchange for Richardson agreeing to drive his car. After spending at least six hours at two clubs and having a few drinks each, the two decided to return home. Richardson admitted to having had two drinks. Goodnight asked Richardson if he was able to drive and Richardson said he was.

At about 1:30 a.m., when the parties were returning to Pine Bluff on Interstate 30, they entered a construction area. The middle lane was barricaded, and all traffic going toward Pine Bluff was forced into the left lane. The Pine Bluff exit had a detour over a temporary bridge. Richardson increased his speed to pass a van before the detour. He braked before he took the first curve but, nevertheless, on the second curve he lost control and collided with a bridge enbankment. Goodnight testified that Richardson was going about 70 m.p.h. and that he had told Richardson to slow down. Upon impact, the car was airborne for 37 feet, turned over, and landed on its roof. Goodnight sustained multiple injuries.

Richardson pleaded the guest statute, codified at Ark. Stat. Ann. § 75-913 (Repl. 1979), which has since been repealed. Act 13 of 1983. That statute provides that a guest in a car does not have a cause of action against the owner or operator of the car unless the driver's conduct was willful and wanton.

Goodnight was a guest in Richardson's car even though he purchased the gas. We have held that when a trip is for social or recreational purposes, such as in this case, a passenger is a guest even though he purchased the gas. *Brand* v. *Rorke*, 225 Ark. 309, 280 S.W.2d 906 (1955).

Goodnight first argues that Richardson's consumption of alcohol, coupled with his driving at an excessive rate of speed, constituted willful and wanton misconduct. We have held that a person who drives while intoxicated may be found to be acting willfully and wantonly. *Palmer* v. *Myklebust*, 244 Ark. 5, 424 S.W.2d 169 (1968); *Bridges* v. *Stephens*, 238 Ark. 801, 384 S.W.2d 490 (1964); *Cooper* v. *Calico, supra.* Here, however, Goodnight testified that he believed that alcohol in no way contributed to the accident. The testimony shows that Richardson had a beer and at least two drinks over a period of eight hours. As stated before, Goodnight asked Richardson if he was fit to drive and obviously accepted Richardson's judgment. Therefore,

we will not consider Goodnight's argument which seeks to avoid the application of the guest statute.

■ Next, it is suggested that Richardson's speed was gross misconduct. The general rule is that speeding by itself is insufficient conduct to be willful and wanton, although it is an important factor to consider. See 6 A.L.R. 3d 776 (1966). We have stated that driving at an excessive rate of speed, barely avoiding two accidents and the driver's failure to heed his guest's protests were sufficient to take the issue to the jury. *Scott* v. *Shairrick*, 225 Ark. 59, 279 S.W.2d 39 (1955). In another case, *Cooper* v. *Chapman*, 226 Ark. 331, 289 S.W.2d 686 (1956), we held that the combination of speeding in disregard of protests of guests was sufficient to take the issue of willful and wanton conduct to the jury. In *Cooper* the driver was going 85 to 100 m.p.h.

■■ In *Carden* v. *Evans*, 243 Ark. 233, 419 S.W.2d 295 (1967), we held that a driver is not liable under the guest statute unless "there is evidence to show that his vehicle was willfully and wantonly operated in disregard to the rights of others . . .", specifically his guest. We also stated that "persistent pursuit of a course of driving in a reckless and dangerous manner over the protest of the occupants of his vehicle" must be shown to establish willful and wanton misconduct. See also *Delaney* v. *Mize, supra.* The evidence fails to show there was a persistent course of reckless driving over the protests of Goodnight. Goodnight had not complained of Richardson's speed until he passed the van. In our opinion, the conduct simply fails to measure up to the quantum required to present a question for the jury. *Delaney* v. *Mize, supra; Cooper* v. *Calico, supra.*

Appellant's second argument on appeal is that the trial court erred in granting Jensen Construction Company's motion for a directed verdict. Jensen contracted with the Arkansas Highway and Transportation Department to widen the road and bridge at the junction of the Pine Bluff four lane highway and Interstate 30. Goodnight argued that Jensen violated a contractual duty to provide for safety and accident prevention in the construction area and that Jensen, more specifically, failed to give adequate notice or warning of the detour.

■ Goodnight failed to prove the contractual duty upon which his suit relied. He failed to show the specifications for traffic control devices and that Jensen was in violation of that duty

by not providing those traffic control devices. Goodnight's own exhibits at trial illustrated the use of arrows on the pavement, and on signs showing that the road narrowed; the exhibits showed a "Pine Bluff Left Lane" sign overhead, barrels and barricades. It is Goodnight's duty on appeal to demonstrate error and on this issue the appellant has failed to point to the precise error committed regarding this issue. See *Baldwin Co.* v. *Ceco Corp.*, 280 Ark. 519, 659 S.W.2d 941 (1983). Therefore, we hold that the court was right in directing the verdict as to Jensen Construction Company.

Affirmed.