Nola Jean HALL and Roger Hall
*v.* Sherman Jack GRIMMETT

94-131                                      885 S.W.2d 297

Supreme Court of Arkansas
Opinion delivered October 17, 1994

*Keil & Goodson*, by: *Matt Keil*, for appellants.

*Mickey Buchanan*, for appellee.

DONALD L. CORBIN, Justice. Appellants, Nola Jean Hall and her husband Roger Hall, appeal a judgment of the Sevier County Circuit Court ordering that they take nothing on their claims against appellee, Sherman Jack Grimmett. Mrs. Hall and Mr. Grimmett were involved in an automobile accident on Highway 329 near DeQueen, Arkansas. The Halls sued Mr. Grimmett as a result of the accident, asserting claims of negligence and loss of consortium. The jury returned a general verdict in favor of Mr. Grimmett. As their sole point for reversal, the Halls contend the jury's verdict was against the preponderance of the evidence. We find no error in the judgment and affirm.

Mr. and Mrs. Hall's sole point on appeal is that the jury verdict was against the "great weight and preponderance of the evidence." The Halls did not move for a new trial and this is not an appeal from the denial of a motion for new trial. *See* ARCP Rule 59(a)(6). It is not necessary to move for a new trial to preserve for appeal any error which could be the basis for granting a new trial. ARCP Rule 59(f). Rule 59 specifically states a motion for new trial may be granted for eight reasons, one of which is where the verdict is clearly contrary to the preponderance of the evidence.

Neither a motion for new trial nor this appeal tests the sufficiency of the evidence to go to the jury and neither is precluded by ARCP Rule 50(e). *Yeager* v. *Roberts*, 288 Ark. 156, 702 S.W.2d 793 (1986). However, similar to the test on appeal from a denial of a motion for new trial, the test on this appeal is whether there is substantial evidence to support the jury verdict. *See Minerva Enter. Inc.* v. *Howlett*, 308 Ark. 291, 824 S.W.2d 377 (1992).

The Halls argue the jury had to completely disregard all the evidence of negligence in this case in order to find for Mr. Grimmett. They contend the evidence established that Mr. Grimmett was negligent in failing to yield the right of way as he entered the highway from his private driveway and that Mrs. Hall was not negligent in any respect. We find no merit to this argument.

Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must force the mind to pass beyond suspicion or conjecture. *Minerva*, 308 Ark. 291, 824 S.W.2d 377. In determining the existence of substantial evidence, we view the

evidence in the light most favorable to the party on whose behalf the judgment was entered and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Gipson* v. *Garrison*, 308 Ark. 344, 824 S.W.2d 829 (1992). In reviewing the evidence, the weight and value to be given the testimony of the witnesses is a matter within the exclusive province of the jury. *Rathbun* v. *Ward*, 315 Ark. 264, 866 S.W.2d 403 (1993).

■■ Viewing the evidence in the light most favorable to Mr. Grimmett, we conclude there was substantial evidence to support the jury's verdict. While there may indeed have been conflicting evidence presented in this case, it is up to the jury to resolve the conflicts in the testimony and judge the weight and credibility of all the evidence. *Rathbun*, 315 Ark. 264, 866 S.W.2d 403. Based on the evidence presented at trial, the jury could have concluded, without speculation, that Mr. Grimmett did not act negligently when he pulled out of his driveway. Mr. Grimmett testified he looked both ways and did not see any approaching traffic. Captain Paul Watson of the DeQueen Police Department testified there is a blind spot in the view from Mr. Grimmett's driveway and that Mr. Grimmett could not have seen Mrs. Hall's car if it was in that blind spot.

Additionally, based on the evidence presented at trial, the jury could have concluded, without speculation, that the accident in question did not cause Mrs. Hall's injuries. Mrs. Hall testified that about a year prior to this accident, she was involved in another automobile accident in which she suffered injuries to her lower back. She testified the back injuries she received in her first accident were some of the cause of her problems. The deposition of Nancy Griffin, a board-certified neurologist, was admitted at trial and read to the jury. Dr. Griffin stated that Mrs. Hall had a pain problem with injured disks in her back and neck and it was possible that the second accident aggravated the injuries Mrs. Hall received in the first accident. The deposition of Phillip Osborne, a medical doctor and director of numerous centers of occupational medicine and disability evaluation, was admitted at trial and read to the jury. Dr. Osborne testified that although initial results from a myelogram and x-rays indicated Mrs. Hall had bulging cervical disks, he was unable to verify Mrs. Hall's injuries as suggested by the American Medical Association's guide for

evaluation of permanent impairment. Dr. Osborne stated that when a patient's injuries could not be cross-validated, the AMA guide suggests obtaining a complete psychological profile to explain the patient's inability to cross-validate. Consequently, Dr. Osborne's primary diagnosis of Mrs. Hall was somatization disorder and personality disorder. He described someone with somatization disorder as one who takes physical stresses and converts them into physical deterioration.

In sum, based on the foregoing evidence, the jury could have concluded with reasonable certainty that the Halls did not meet their burden of proving that Mr. Grimmett acted negligently. As to the Halls' contention that the jury's verdict was unsupported by substantial evidence, we emphasize that where the verdict is against the party having the burden of proof, as in this case, a literal application of the rule would be untenable, as the defendant may have introduced little or no proof, yet the verdict was for the defendant. We have examined the rule in that context in a number of cases. *Gilbert* v. *Shine*, 314 Ark. 486, 863 S.W.2d 314 (1993) (and cases cited therein). Whether Mr. Grimmett acted unreasonably or caused Mrs. Hall's injuries was resolved by the verdict. The foregoing evidence constitutes substantial evidence supporting the jury's verdict for Mr. Grimmett.

The judgment is affirmed.