Wilma Beatrice GRIFFIN *v.*
John R. WOODALL and Damon Martin Weir

94-302 892 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered February 6, 1995
[Rehearing denied March 13, 1995.*]

*Glaze, J., not participating.

*Herby Branscum, Jr.*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown* and *Alfred Angulo, Jr.*, for appellee Woodall.

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles* and *Roy Gene Sanders*, for appellee Weir.

DONALD L. CORBIN, Justice. Appellant, Wilma Beatrice Griffin, appeals a judgment of the Perry County Circuit Court entered pursuant to jury verdicts for separate appellees, John R. Woodall and Damon Martin Weir. Appellant filed a negligence suit against appellees for damages she alleged were caused by a rear-end col-

lision occurring on Arkansas Highway 10 near the intersection of Southridge Drive in Little Rock on May 30, 1991. Following the verdicts, appellant moved for a new trial on two grounds: that the jury's verdicts were clearly contrary to the preponderance of the evidence or contrary to the law and that a juror engaged in misconduct. As we are required to interpret ARCP Rule 59, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We find no merit and affirm.

First, we consider appellant's argument that the trial court should have granted a new trial because the verdict was contrary to the preponderance of the evidence or contrary to the law. On appeal, our test for reviewing a denial of a motion for new trial based on these grounds is whether there is substantial evidence to support the jury verdict. *RLI Ins. Co.* v. *Coe*, 306 Ark. 337, 813 S.W.2d 783, *cert. denied*, 112 S. Ct. 959 (1991). Substantial evidence is evidence of sufficient force to compel a conclusion one way or the other with reasonable certainty; it must force the mind to pass beyond speculation or conjecture. *Hall* v. *Grimmett*, 318 Ark. 309, 885 S.W.2d 297 (1994). In determining whether substantial evidence exists, we view the evidence in the light most favorable to the party on whose behalf the judgment was entered and give that party the benefit of all reasonable inferences permissible under the proof. *Ray* v. *Green*, 310 Ark. 571, 839 S.W.2d 515 (1992). In reviewing the evidence, we do not pass upon the weight and credibility of the evidence, as such determinations remain within the exclusive province of the jury. *Id.; Hall*, 318 Ark. 309, 885 S.W.2d 297.

Appellant argues the evidence established that appellees, who were driving separate vehicles, were negligent in failing to yield to a forward vehicle turning left and that appellant, a passenger in her vehicle driven by her husband, which had stopped to yield to the forward vehicle turning left, was not negligent in any respect. According to appellant, her vehicle was struck twice from the rear by appellee Woodall's vehicle, once when Woodall failed to stop and again when appellee Weir's vehicle struck the Woodall vehicle, thereby causing the Woodall vehicle to strike the Griffin vehicle again. Additionally, appellant argues the evidence established that she suffered injuries to her lower back and right leg as result of the accident and that she would require future surgical expenses in addition to her medical expenses and lost wages. In short, appel-

lant claims the jury ignored the evidence as well as the law set forth by the trial court. Her argument is without merit.

Our review of the evidence reveals there is substantial evidence to support the two jury verdicts for the separate appellees. While appellant and both appellees may indeed have presented conflicting evidence in this case, it is up to the jury to resolve the conflicts and judge the weight and credibility of the evidence. *Hall*, 318 Ark. 309, 885 S.W.2d 297. Based on the evidence presented at trial, the jury could have concluded, without resorting to speculation or conjecture, that neither appellee acted unreasonably. Appellee Woodall testified that, as he approached the intersection, he saw the Griffin vehicle stopped ahead of him with no left turn signal illuminated, and that he came to a complete stop behind it. Appellee Weir testified that, as he approached the intersection, he observed the green traffic light and appellee Woodall's vehicle in front of him still moving forward. Weir stated that as he looked away to check the color of the traffic light, Woodall's vehicle stopped too suddenly for Weir to avoid rear-ending it, even when he applied his brake. Contrary to the Griffins's testimony at trial, the two investigating officers testified that the Griffins did not report two impacts at the time of the accident and that if the Griffins had so reported, the officers would have adjusted their investigation of the accident accordingly and completed two accident reports.

Additionally, even assuming *arguendo* that the jury found one or both appellees acted unreasonably, based on the evidence presented at trial the jury could have concluded, without resorting to speculation or conjecture, that the negligence or the accident in question did not cause appellant's injuries. Appellant testified that the accident caused her serious back and leg pain for which she sought treatment from five physicians. The records of her family doctor and internist revealed that appellant had a history of chronic low back pain since childhood. Her internist performed an MRI (nuclear magnetic resonance image) approximately one month after the accident which showed appellant had degenerative changes in her spine, but no herniated disk or nerve impingement. Eventually appellant underwent surgery on her back and ultimately sought treatment from Dr. Chakales, an orthopedic surgeon whose deposition was admitted at trial and read to the jury as a witness for appellant. Dr. Chakales stated he exam-

ined appellant approximately seven months after the accident and diagnosed her with a post-operative lumbar disk injury and a chronically pinched nerve in the back. Dr. Chakales testified on cross-examination that according to the notes in his file on appellant, she never reported to him or his staff that she endured two impacts in the accident; rather, she reported that she was stopped, that the truck behind her was stopped, and that a third truck rear-ended the second truck which rear-ended her. Also on cross-examination, he stated that although appellant never related any of her former back pain to him, he was aware of the prior records showing her degenerative problems. Dr. Chakales explained that degenerative problems are part of the normal aging process. Dr. Chakales also stated that although the accident appeared to be the precipitating cause of appellant's pain based on the history she gave him, it was possible that someone who had not been in a similar accident could have pain similar to appellant's.

In sum, based on the foregoing evidence, the jury could have judged the credibility of all the evidence, and concluded with reasonable certainty that appellant did not meet her burden of proving that the separate appellees acted unreasonably or that they caused her injuries. The evidence is therefore substantial evidence. We observe that where the verdict is rendered against the party having the burden of proof, a literal application of the rule that the verdict must be supported by substantial evidence is untenable, as that party may have introduced little or no proof. *Hall*, 318 Ark. 309, 885 S.W.2d 297. We also observe that the jury was properly instructed on the law of negligence, including an instruction that an accident may occur in the absence of negligence. The trial court did not err in summarily denying the motion for new trial as the verdicts were supported by substantial evidence and not contrary to the law.

We turn to consideration of appellant's argument that the trial court should have granted a new trial based on the alleged misconduct of the jury foreperson, Veronica Allen. Appellant contends Allen failed to disclose that she had previously been a party to a lawsuit in 1980 in which appellant's counsel was the opposing counsel. Appellant contends she would have sought exclusion of Allen, either for cause or by peremptory strike, had Allen disclosed her involvement opposite appellant's counsel.

Appellant's counsel did not recognize Allen, as her name had changed from Vicky Stone to Veronica Allen and more than ten years had passed since the suit.

When a party requests a new trial because of juror misconduct, the moving party bears the burden of proving that a reasonable possibility of prejudice resulted from the alleged misconduct. *St. Louis S.W. Ry.* v. *White;* 302 Ark. 193, 788 S.W.2d 483 (1990). Prejudice is not presumed in this regard. *Id.* We will not reverse the trial court's denial of a request for new trial on grounds of juror misconduct absent a manifest abuse of the trial court's discretion. *Id.*

We find no abuse of discretion in this case. Appellant has not proven any misconduct on Allen's part. Although the record does not include the questions asked by the trial court during *voir dire,* it does reveal that counsel for appellee Weir asked the jurors if they knew counsel for appellant. Allen responded that she knew appellant's counsel casually. No follow-up questions were asked of Allen concerning her response or her knowledge of appellant's counsel. Later, however, the record reveals that no jurors responded when Weir's counsel asked if they or their families had been represented by appellant's counsel. Nonetheless, on this record, given Allen's admission to knowing appellant's counsel, we cannot say Allen deliberately failed to disclose any prior association with appellant's counsel. *See Pineview Farms, Inc.* v. *A.O. Smith Harvestore, Inc.,* 298 Ark. 78, 765 S.W.2d 924 (1989) (emphasizing no deliberate failure by juror to disclose information); *see also B.&J. Byers Trucking, Inc.* v. *Robinson,* 281 Ark. 442, 665 S.W.2d 258 (1984) (distinguishing lack of deliberate failure to disclose information from obviously deliberate failure to disclose in *Hot Springs St. Ry.* v. *Adams,* 216 Ark. 506, 226 S.W.2d 354 (1950)).

Moreover, appellant did not meet her burden of proving a reasonable possibility of prejudice. In an affidavit attached to appellee Woodall's response to the motion for new trial, Allen stated that, once her memory had been refreshed by appellant's motion for new trial, she recalled the 1980 litigation, but that she had no ill will toward appellant's counsel as a result thereof. She also stated she had recalled that her present husband had hired appellant's counsel regarding an abstract for the transfer

of some land since the 1980 litigation. Additionally, Allen stated that she would in all likelihood hire appellant's counsel in the future should she need an attorney and that she had been an impartial juror. Based on these statements, appellant has not demonstrated any possibility of prejudice. *Diemer* v. *Dischler*, 313 Ark. 154, 852 S.W.2d 793 (1993); *White*, 302 Ark. 193, 788 S.W.2d 483.

 Appellant alleges further misconduct on Allen's part in that after the jury had been sworn, appellant's husband witnessed Allen engaging in a discussion with a panel member who appellant had excused from service. Appellant did not raise any objection below to Allen's conversation with the panel member who had been struck. Therefore, appellant has waived this particular argument on appeal. *Hughes* v. *State*, 303 Ark. 340, 797 S.W.2d 419 (1990).

There is substantial evidence to support the jury's verdicts and the verdicts are not contrary to the law. There was no abuse of discretion in the denial of the motion for new trial based on juror misconduct. The trial court did not err in denying the motion for new trial.

The judgment is affirmed.

GLAZE, J., not participating.