WAL-MART STORES, INC. *v.* Wendy BERNARD,
Individually and as Mother and Next Friend of
Daphne Fraser, a Minor

CA 99-409                                        10 S.W.3d 915

Court of Appeals of Arkansas
Divisions I and IV
Opinion delivered March 1, 2000

*Williams & Anderson LLP*, by: *Steven W. Quattlebaum* and *Leon Holmes*, for appellant.

*Martin W. Bowen*, for appellee.

TERRY CRABTREE, Judge. This is a civil case for negligence brought by the appellee, Ms. Wendy Bernard, and her daughter, Daphne Fraser, against Wal-Mart Stores, Inc. The case was tried to a jury, and the jury returned a verdict against Wal-Mart for $12,500. Wal-Mart brought this appeal alleging that the trial court erred in denying Wal-Mart's motion for directed verdict at the close of the plaintiff's case and the conclusion of all the evidence. We agree and, therefore, reverse and remand.

When deciding whether the trial court erred in denying a motion for directed verdict, we determine whether there is substantial evidence to support the jury's verdict. *Dobie v. Rogers*, 339 Ark. 242, 5 S.W.3d 30 (1999). Substantial evidence is that degree of evidence sufficient to compel a person to a conclusion without resort to speculation or conjecture. *Id.* We view the evidence and all reasonable inferences in the light most favorable to the party who was awarded the judgment. *Id.*

The plaintiff and her daughter were shopping in the Wal-Mart Super Center in Searcy, Arkansas, on December 4, 1997, when the daughter needed to use the public restroom. The plaintiff alleged in

her complaint that her daughter went into the restroom and slipped on a pool of water, chipping her two top front teeth on the sink. The plaintiff alleged that the water had been on the floor for a sufficient length of time that Wal-Mart knew or should have known that the water was there and failed to use ordinary care in removing it.

■ To prevail on a slip–and–fall negligence case, the plaintiff must prove that there was a substance on the floor and it was a result of the defendant's negligence, or that the substance had been on the floor so long that the defendant knew or should have known of its presence and failed to take reasonable action to remove it. *Conagra, Inc. v. Strother*, 68 Ark. App. 120, 5 S.W.3d 69 (1999). Negligence is never presumed. *Anslemo v. Tuck*, 325 Ark. 211, 924 S.W.2d 798 (1996). The fact that a substance is on the floor is not, in and of itself, sufficient to sustain the plaintiff's burden. *Fred's Stores v. Brooks*, 66 Ark. App. 38, 987 S.W.2d 287 (1999). Nor is the fact that an employee was in the vicinity of the accident before it occurred sufficient. *Mankey v. Wal-Mart Stores, Inc.*, 314 Ark. 14, 858 S.W.2d 85 (1993).

Ms. Bernard, plaintiff and mother of the child who was injured, testified that she saw a puddle of water that her daughter slipped on in front of the latrines. There were foot tracks from the puddles in front of the sink to other puddles on the floor. It was obvious to her that the water had been tracked around the bathroom. The puddles were not connected. Ms. Bernard did not know how the water got on the floor and could not say how long it had been there. Based on this testimony, the defendant moved for a directed verdict at the close of the plaintiff's case, and the motion was denied.

■ The defendant called one witness, Mr. Cunningham, the manager of the store. Mr. Cunningham testified that neither he nor anyone at Wal-Mart knew about the water on the floor of the bathroom before the child fell. He testified that he did not know how the water got there or how long it had been there. He did testify that he believed that the floor had been mopped sometime that morning but was unable to say when. There was no evidence introduced that would show the time the floor in the bathroom was mopped or if there was water in puddles on the floor after it was mopped. To conclude that the puddles were there for a sufficient

amount of time for Wal-Mart to be placed on notice that it was there would be a resort to speculation, so too would be the assumption that Wal-Mart had placed the water on the floor and failed to clean it up. Reversed and remanded.

PITTMAN, JENNINGS, and BIRD, JJ., agree.

ROAF and NEAL, JJ., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. I do not agree that this jury verdict should be reversed, because I believe there was substantial evidence from which the jury could have inferred that the water on which Miss Bernard slipped was present as a result of Wal-Mart's negligence. In this regard, Wal-Mart's counsel agreed during oral argument that if there is substantial evidence to support the inference that the water on the floor was from mopping, Bernard need not establish the length of time the water had been there or that Wal-Mart knew or should have known of its presence.

When reviewing a denial of a motion for a directed verdict, this court determines whether the jury's verdict is supported by substantial evidence. *See Dodson v. Charter Behavioral Health Sys., Inc.*, 335 Ark. 96, 983 S.W.2d 98 (1998); *Avery v. Ward*, 326 Ark. 829, 934 S.W.2d 516 (1996). Substantial evidence is defined as evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must force the mind to pass beyond mere suspicion or conjecture. *See City of Little Rock v. Cameron*, 320 Ark. 444, 897 S.W.2d 562 (1995); *St. Paul Fire & Marine Ins. Co. v. Brady*, 319 Ark. 301, 891 S.W.2d 351 (1995). When determining the sufficiency of the evidence, we review the evidence and all *reasonable inferences arising therefrom* in the light most favorable to the party on whose behalf judgment was entered. *See Arthur v. Zearley*, 337 Ark. 125, 992 S.W.2d 67 (1999); *Union Pac. R.R. Co. v. Sharp*, 330 Ark. 174, 952 S.W.2d 658 (1997). (Emphasis added). In reviewing the evidence, we do not pass upon the weight and the credibility of the evidence, as such determinations remain within the exclusive province of the jury. *Griffen v. Woodall*, 319 Ark. 383, 892 S.W.2d 451 (1995); *Hall v. Grimmett*, 318 Ark. 309, 885 S.W.2d 297 (1994) (emphasis added).

In *Ray v. Green*, 310 Ark. 571, 839 S.W.2d 515 (1992), the supreme court further stated:

When acting upon a motion for new trial challenging a jury's verdict, the trial court is required by Ark. R. Civ. P. 59(a)(6) to set aside the verdict if it is clearly against the preponderance of the evidence or contrary to the law. *Dedman v. Porch*, 293 Ark. 571, 739 S.W.2d 685 (1987). The test on review, where the motion is denied, is whether the verdict is supported by substantial evidence. *Schaeffer v. McGhee*, 286 Ark. 113, 689 S.W.2d 537 (1985). *It is only where there is no reasonable probability that the incident occurred according to the version of the prevailing party or where fair-minded men can only draw a contrary conclusion that a jury verdict should be disturbed. Blissett v. Frisby*, 249 Ark. 235, 458 S.W.2d 735 (1970). (Emphasis added.)

Finally, jurors are entitled to take into the jury box their common sense and experience in the ordinary affairs of life. *Palmer v. Myklebust*, 244 Ark. 5, 424 S.W.2d 169 (1968); *Rogers v. Stillman*, 223 Ark. 779, 268 S.W.2d 614 (1954).

The following evidence supports the inference and came during both the plaintiff's and the defendant's case: there were notebook-sized "puddles" in several locations, by the sinks, toilets and restroom door; they were like a "coating" and not sufficiently deep to be splashed; the sink in front of the puddle in which Bernard fell was dry; there were tracks between the puddles; the floor had been mopped that morning by Wal-Mart; and the accident was reported at about 9:50 a.m. It was also undisputed that there were no warning cones in the restroom and that Wal-Mart's practice was to have cones in place until the floor dried.

This is sufficient to allow the jury verdict to stand, given the substantial-evidence standard. The jury could have inferred from the pattern of thin "puddles" or "coatings" scattered widely across the surface of the floor, and from the testimony that the floor was mopped that morning, that it was more likely that the substance was mop water that had not completely dried rather than water splashed or overflowed from a sink or toilet. This is an entirely reasonable inference from the evidence presented and it is all that is required to meet the substantial-evidence standard. I would affirm this verdict.

NEAL, J., joins.