Dorothea KOPRIVA and Stanley Kopriva *v.*
BURNETT-CROOM-LINCOLN-PADEN, LLC

CA 99-1207                                                    15 S.W.3d 361

Court of Appeals of Arkansas
Division II
Opinion delivered April 26, 2000

*Jewell, Moser, Fletcher & Holleman,* for appellant.

*Barber, McCaskill, Jones & Hale, P.A.,* by: *Glenn W. Jones* and *Morris W. Williams, III,* for appellee.

OLLY NEAL, Judge. This is a slip-and-fall case. The jury entered a verdict in the amount of $30, 296.78 in appellant Dorothea Kopriva's favor, but declined to make an award for Stanley Kopriva's loss of consortium claim. Appellee subsequently moved for judgment notwithstanding the verdict (JNOV). This appeal is taken from the trial court's order granting appellee's motion for JNOV. Appellants' sole point for reversal is that the trial court erred in granting appellee's motion for JNOV. We find no error and affirm.

A trial court may grant a JNOV only if there is no substantial evidence to support the verdict of the jury and the moving party is entitled to judgment as a matter of law. *Unicare Homes, Inc. v. Gribble,* 63 Ark. App. 241, 977 S.W.2d 490 (1998). Substantial evidence is defined as evidence of sufficient force and

character to compel a conclusion one way or the other with reasonable certainty; it must force the mind to pass beyond suspicion or conjecture. *Union Pac. R.R. v. Sharp*, 330 Ark. 174, 952 S.W.2d 658 (1997). On appeal, we will only consider the evidence favorable to the appellee, together with all its reasonable inferences. *Home Mut. Fire Ins. Co. v. Jones*, 63 Ark. App. 221, 977 S.W.2d 12 (1998).

Appellants argue that substantial evidence supports the jury's verdict and that the trial court's grant of JNOV should be reversed.

On May 12, 1997, Dorothea Kopriva arrived at appellee Burnett-Croom-Lincoln-Paden Clinic for a scheduled doctor's appointment. Mrs. Kopriva entered the clinic's restroom to collect a urine sample for her physician and fell on the restroom's floor, fracturing her hip. She filed suit, alleging that she was injured as a result of the clinic's negligence in failing to use ordinary care to maintain its premises in a reasonably safe condition. At trial and on appeal, Mrs. Kopriva's theory of the causation of her accident was that the floors were shiny and slick, and that the condition of the clinic's floor caused her fall.

A property owner has a duty to exercise ordinary care to maintain his premises in a reasonably safe condition for the benefit of an invitee. *Kelly v. National Union Fire Ins. Co.*, 327 Ark. 329, 937 S.W.2d 660 (1997). In order to prevail in a typical slip-and-fall case involving an invitee, the plaintiff must show either (1) that the presence of a substance upon the premises was the result of the defendant's negligence, or (2) that the substance had been on the premises for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. *Fred's Stores v. Brooks*, 66 Ark. App. 38, 987 S.W.2d 287 (1999).

This case is unlike the typical slip-and-fall case, in that appellants do not claim that Mrs. Kopriva's fall was caused by the presence of a substance on the floor. Rather, appellants suggest that the floor's condition resulting from the application of wax rendered the floor slick and shiny, causing Mrs. Kopriva's fall. In *National Credit Corp. v. Ritchey*, 252 Ark. 106, 477 S.W.2d 488 (1972), the supreme court adopted the following view expressed in *Nicola v. Pacific Gas and Electric Co.*, 50 Cal. App. 2d 612, 123 P.2d 529:

> If wax is applied to a floor it must be in such a manner as to afford reasonably safe conditions for the proprietor's invitees, and if such compounds cannot be used on a particular type of floor material without the violation of the duty to exercise ordinary care for the safety of invitees, they should not be used at all. Of course slipperiness is an elastic term. From the fact that a floor is slippery does not necessarily result that it is dangerous to walk upon. It is the degree of slipperiness that determines whether the condition is reasonably safe. This is a question of fact.

Mrs. Kopriva testified that one of the clinic's nurses named "Dawn" informed her after the accident that clinic employees had removed excess wax from the floors with alcohol and cotton swabs on prior occasions.

Dawn Pratt testified that she had removed substances from the clinic's laboratory floor, but could not recall cleaning up excess wax from any of the clinic's floors. She also testified that she never heard of anyone cleaning excess wax from the bathroom where Mrs. Kopriva fell.

Donna Burnett, the clinic's administrator, testified that she had been informed of prior occasions where clinic employees had removed excess wax from the floors. She also testified that the last time the floors were waxed before appellant's fall was May 28, 1996, and that the next time the floors were waxed was one week after appellant fell. She could not recall a patient ever having slipped on any of the clinic's floors.

Lillie Harper, a clinic employee, testified that she had on occasion removed excess wax from the clinic floor. She did not recall the floor being very slick and shiny at the time of appellant's fall. She also testified that she had never heard of anyone removing excess wax from the bathroom where appellant fell.

In granting appellee's motion for JNOV the trial court reasoned:

> In the trial of this matter, the plaintiff didn't contend that there was any foreign substance on the floor, but that the floor was "shiny and slick." She seemed aware of this before the fall. The court should have granted the Motion for Directed Verdict, but submitted the matter to the jury with the feeling that the jury would reach a defendant's verdict as there was really no proof of defect or

showing of notice that the floor was slippery. From the amount of the verdict one could surmise that the jury disregarded the instructions of law, felt sympathy for Mrs. Kopriva and awarded her the amount of the medical bills.

Appellants argue that there was substantial evidence, both direct and circumstantial, to support the jury's verdict. They point out the fact that there was testimony to the effect that the clinic's floors were shiny and slick. However, testimony to this effect was insufficient to show that the bathroom floor's condition caused Mrs. Kopriva's fall. *See, e.g., Black v. Wal-Mart Stores, Inc.*, 316 Ark. 418, 872 S.W.2d 56 (1994). In fact, the evidence showed that the floors were buffed weekly, which, in our view, is the exercise of ordinary care in maintenance of the premises. Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence. *Safeway Stores, Inc. v. Willmon*, 289 Ark. 14, 708 S.W.2d 623 (1986).

■ Upon completing our review of the abstracted record and appellant's argument thereon, we cannot say that the trial court erred in granting appellee's JNOV motion.

Affirmed.

ROBBINS, C.J., and STROUD, J., agree.